IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AARON LAFER,

        Plaintiff,

v.                                                        CIV 98-1066 MV/KBM

KENNETH S. APFEL, Commissioner,
Social Security Administration,

        Defendant.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

      This matter is before the Court on Plaintiff's (Lafer's) Motion to Reverse or Remand the Administrative Decision, filed June 10, 1999. The Commissioner of Social Security issued a final decision denying Lafer's application for disability insurance benefits. Having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, I find that the motion is well taken, and recommend that it be granted. I recommend reversal and award of benefits because further proceedings would be of little use.

**A. Facts/ Procedural Background**

      Lafer filed an application for disability insurance benefits July 18, 1995, for coronary atherosclerosis. [AR 12] He was then 57 years old. [AR 23] Following a denial of the application, Lafer appeared before an Administrative Law Judge (ALJ), who found Lafer not disabled. [AR 19] Specifically, the ALJ found that Lafer could return to his past relevant work as a housekeeper and maintenance supervisor, which involved light work in the national economy.

1

[AR 17, 18] The Appeals Council denied Lafer's request for review of the ALJ's decision and ruled that (1) there was no support for Lafer's contention that the ALJ was biased, and (2) additional evidence in the form of letters from Lafer's treating doctor did not provide a basis for changing the ALJ's decision. [AR 5-6] With the Appeals Council's denial of Lafer's request for review, the ALJ's decision became the Commissioner's final decision for purposes of review. Lafer now seeks this Court's review under 42 U.S.C. § 405(g).

### B. Standard of Review and Applicable Law

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

To qualify for disability insurance benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993) citing 42 U.S.C. § 423(d)(1)(A). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f). The sequential evaluation process ends if at any step the Commissioner finds that the claimant is or is not disabled. *Thompson*, 987 F.2d at 1486.

At the first four levels of the sequential evaluation process, the claimant must show that he is not engaged in substantial gainful employment, he has an impairment or combination of

impairments severe enough to limit his ability to do basic work activities, and his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1420 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show that the claimant can perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *Id*.

### C. Discussion

Lafer asserts two main points of error by the ALJ. First, Lafer claims that the ALJ erred in considering Lafer's receipt of collateral benefits. [MTR 8] Second, Lafer claims that the ALJ erred in finding that he could perform his past relevant work at step four of the sequential evaluation. [MTR 9] I address the second issue first.

> *1. <u>The newly submitted evidence from Lafer's treating physician concerning his ability to return to past relevant work is uncontroverted substantial evidence of disability, which preserved the issue for review by this Court</u>*.

Preliminarily, I address the question of waiver. The Commissioner argues that Lafer has waived the argument that the ALJ erred in finding that Lafer could return to his past relevant work. [RES 4] Issues not brought to the attention of the Appeals Council on administrative review of a denial of disability insurance benefits may, given sufficient notice to the claimant, be deemed waived on subsequent judicial review. *James v. Chater*, 96 F.3d 1341, 1344 (10th Cir. 1996).

The only ground for reversal that Lafer's attorney cited to the Appeals Council was bias. [AR 8] Yet his attorney also provided two letters by Dr. Robert DuBroff, Lafer's treating physician, to the Appeals Council after the administrative hearing. [AR 253-55] Those letters specifically articulated Lafer's condition as it related to his ability to work. Most importantly, the

3

Appeals Council addressed those letters, showing that the Council had considered them. [AR 6]

It is therefore reasonable, and actually necessary, to conclude that the question of Lafer's ability to work was before the Appeals Council. Moreover, it would border on the ridiculous to hold that a plaintiff failed to raise an issue to the Appeals Council, and thereby waived it, when the Appeals Council expressly addressed that issue. The rationale of the rule against raising new arguments on appeal is, after all, to prevent sandbagging of the Appeals Council, which clearly did not happen here. *See James*, 96 F.3d at 1344. As such, I conclude that Lafer has not waived the question of error concerning his ability to return to past relevant work.

The first of the letters mentioned above, which was dated January 20, 1997, detailed Lafer's history of heart problems, treatments and procedures, and his physical limitations that resulted. Specifically, Lafer had undergone four vessel bypass surgery April 27, 1995, and did not respond well to the surgery. He had a heart catheterization the following September because of angina. Dr. DuBroff recommended that Lafer not lift more than 20 pounds; that he not sit or stand for longer than one to two hours at a time due to right leg swelling; and, that he not walk more than 30-45 minutes per day. The swelling appears to have resulted from the removal of blood vessels, from Lafer's groin to his right ankle, for the bypass operation. [AR 270-71] Dr. DuBroff went on to opine that Lafer was disabled, and unable to perform sedentary work due to angina and leg swelling. [AR 253-54] The second letter, dated February 24, 1998, confirmed that there had been no significant change in Lafer's condition over the preceding 12 months. [AR 255]

Regulations require the Appeals Council to consider evidence submitted with a request for review if the additional evidence is new, material and related to the period on or before the ALJ's decision. *See O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994); 20 C.F.R. § 404.970(b).

4

Although this Court does not have jurisdiction to review the Appeals Council's denial of review, it may review the ALJ's decision, which then becomes the final decision, and which then includes the newly submitted evidence as part of the whole record. *Browning v. Sullivan*, 958 F.2d 817, 822 (10th Cir. 1992). Moreover, a treating physician's opinion must be given substantial weight unless good cause is shown to disregard it. *Goatcher v. Dep't of Health & Hum. Serv.*, 52 F.3d 288, 289 (10th Cir. 1995) (citation omitted). If the treating physician's opinion is to be disregarded, specific, legitimate reasons for doing so must be set forth. *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987) (citations omitted).

The reason the Appeals Council gave for rejecting Dr. DuBroff's letters was that "this evidence does not provide a basis for changing the [ALJ's] decision." [AR 6] This reason is not specific. Dr. DuBroff's letters set forth his medical opinion regarding Lafer's condition and ability to work. This opinion was not cumulative of the record, pertained to the relevant time frame, and would likely have changed the outcome if the ALJ had the opportunity to review it. *See Hargis v. Sullivan*, 945 F.2d 1482, 1493 (10th Cir. 1991). Furthermore, Dr. DuBroff's statements corroborated Lafer's testimony about his condition. [AR 270-72] Though the ALJ questioned Lafer's credibility [AR 16, ¶¶ 1-2], there is nothing in the record to discount Dr. DuBroff's opinion or credibility.

I am mindful that the Commissioner is responsible for examining medical source opinions and determining whether a claimant is disabled. *See* C.F.R. § 404.1527(e)(2); *see also Castellano v. Sec'y of Health & Hum. Serv.*, 26 F.3d 1027, 1029 (10th Cir. 1994). As a corollary to this proposition, the treating doctor is not responsible for the determination. I am also mindful of case law to the effect that form evaluations, without thorough written reports or persuasive testimony, are not substantial evidence. *See Frey*, 816 F.2d at 515.

The present case is, however, distinguishable. Dr. DuBroff's evaluation letters, which were not merely forms with blanks filled in, have support from the extensive medical reports concerning Lafer's condition already in the administrative record and from Lafer's testimony. They also specifically articulate Dr. DuBroff's medical opinion as to how Lafer's physical condition relates to his ability to return to work, which the ALJ should not disregard without a specific, legitimate reason. *Id.* at 513. Perhaps most significant is that there is no evidence in the record contradicting Dr. DuBroff's opinion, nor is there likely to be on remand.

The Court may reverse the Commissioner's decision on the grounds that there is no substantial evidence only when there is no contrary evidence to refute a claim of disability. *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1995). Reversal is appropriate where additional fact finding would serve no useful purpose. *Sorenson v. Bowen*, 888 F.2d 706, 713 (10th Cir. 1989). Furthermore, it is within this Court's discretion to reverse the Commissioner's decision and to direct him to award the appropriate benefits. 42 U.S.C. § 405(g); *Dixon v. Heckler*, 811 F.2d 506, 511 (10th Cir. 1987).

In the present case, there is no contrary evidence refuting Lafer's claims of disability after April 1996. To the extent that early optimistic reports of Lafer's recovery from the April 1995 surgery seem to contradict Lafer's claims [AR 109-13], his subsequent relapse is borne out by substantial medical evidence in the record. [Ar 114] The medical consultative reports upon which the ALJ relied occurred in mid to late 1995 [AR 16], except for Dr. Abram's, which took place in April 1996. [AR 227-28] Likewise, Dr. DuBroff's February 26, 1996 Attending Physician's Statement of Total Disability, in which the doctor concluded that Lafer was disabled for his own occupation but not for any occupation [AR 226] is consistent with Dr. DuBroff's January 1997 and February 1998 opinion that Lafer had not responded well to the surgery, and

was disabled, despite some reassuring test results. [AR 253] The record paints a picture of a gradually deteriorating condition, which Dr. DuBroff attributed to angina and swelling that had developed during 1996. [AR 254] In sum, the record viewed as a whole, especially as it concerns the opinion of Dr. DuBroff who treated Lafer, does not contradict Lafer's claims of disability.

One of the ALJ's chief reasons for finding Lafer's complaints not credible was Lafer's daily activities such as walking, dancing, visiting friends, and so forth. [AR 16] Lafer testified at the hearing, however, that he was no longer able to do those things, and that his daily activities were much more restricted. Furthermore, there was no evidence in the record that Lafer remained able to do these things by the time of the hearing. [AR 270] As such, the ALJ's reliance on these activities was misplaced in finding Lafer's complaints not credible. The uncontroverted evidence that these activities had ceased precludes them from being substantial evidence to discount Lafer's claims, which is necessary to uphold findings of non-credibility on review. *See Winfrey v. Chater*, 92 F.3d 1017, 1021 (10th Cir. 1996).

In sum, I find that the record viewed as a whole, especially with the newly admitted evidence in the form of letters from Lafer's treating physician, supports the conclusion that Lafer was disabled, and could not support the opposite conclusion. I therefore recommend reversal of the decision with instructions for an award of benefits.

*2. The ALJ's consideration of Lafer's collateral benefits, combined with his erroneous credibility assessment, was error.*

The ALJ also appeared to rely in part on Lafer's pension and his wife's employment to discount Lafer's credibility, concluding that this income gave him little financial incentive to be gainfully employed. [AR 16] The Commissioner comes close to conceding that the ALJ's

consideration of this fact was error, but contends that any error was harmless. [RES 3-4]

It is difficult to see how Lafer's pension, which he apparently was receiving since 1979 despite working until 1995, was relevant to whether Lafer was honest about his complaints. These facts could as easily have been evidence of Lafer's desire to continue working despite physical problems that began as early as 1988. [AR 222, 253] Moreover, his wife's employment could as easily be evidence of the family's need for income. Lafer's financial incentive, then, means nothing either way in this case. The ALJ's erroneous reliance on lack of financial incentive [AR 16], combined with the erroneous reliance on activities that had ceased, to discount Lafer's credibility, is error. Because the ALJ erroneously rejected Lafer's testimony, which otherwise taken as true established disability, I recommend reversal on this issue also, with an award of benefits.

### D. CONCLUSION

For the reasons stated above, I recommend that the ALJ's decision, which became final with the Appeals Council's denial of Lafer's request for review, be reversed with instructions to award benefits. Objections to the foregoing may be timely made pursuant to 28 U.S.C. § 63 6(b)(1).

_____
UNITED STATES MAGISTRATE JUDGE

Counsel for Plaintiff:   Barbara Jarvis, Esq.
                         2131 Lead SE
                         Albuquerque, NM  87106

Counsel for Defendant:   Virginia Watson, Esq.
                         1301 Young St., Room 430
                         Dallas TX, 75202-5433

8

Joan M. Hart, Esq.
P.O. Box 607
Albuquerque, NM 87103